Good morning. May it please the Court. Artem M. Sarian for the petitioner, Ms. Kazaryan. This is an immigration case in which the petitioner had a number of attorneys, but the final and fatal blow to her case was done by the last attorney. The only issue in this case is whether the petitioner exercised due diligence in discovering fraud perpetrated by her last attorney in her case without, and therefore caused her the deportation. This circuit looks at this from the perspective of whether any reasonable person in the position of the petitioner would have suspected the fraud. Well, we really don't do that, do we? We look at it as whether the BIA has substantial evidence to sustain what they did. That's the standard. Yes. BIA looked at it and says, petitioner, or in that case when they said it, they called her, responded, whether she should have suspicion that there was a problem. The standard is whether she would have been suspicious of fraud. And she had no way of knowing that there was a fraud perpetrated on her, specifically that there were a number of orders by the judge requesting specific applications for her to file, which her previous attorney simply never informed her about. And then he covered up by filing an appeal. He first, he filed a motion to reopen instead of appealing the decision. Then he started covering up by filing more and more appeals. And a reasonable person would not have known that there was a fraud between the procedural history of this case. Reasonable person would have probably thought that, okay, the case is denied. And this case eventually, if you rule against us, if it's denied, I'm going to inform the client the case is denied. Well, after her petition was denied by this court in 2002, were there facts that would have put a reasonable person on notice that this attorney was incompetent? The fact that, for example, the decision was rendered and he failed to immediately advise her of that. The fact that she had repeatedly pressed him to take care of the work authorization. He kept putting her off. He was extremely nonresponsive. And so what did she do between 2002 and the time that she finally took action, which, if my calculation is correct, is about a five-year period? What did she do to follow up, to investigate, to inquire, to get a second opinion, consult another attorney perhaps? Did she do anything? Let me step back and answer the first question of whether a reasonable person would have known once this court decided to deny her case in 2001. Just because this court denies the case, it doesn't mean there is a fraud by her attorney. It simply means you did not prove the merits of your case. And in her position, having a petty theft conviction and going through the hearing where the judge says, you know, you have this conviction. I'm not sure if you need a waiver or you don't need a waiver, even though she did not need a waiver for that. It's in a reasonable person's position to say, okay, well, my case is denied. My application for permanent residence is denied. It doesn't mean there was a fraud by her attorney. And when the attorney said, you know what, yes, I did not tell you immediately. I told you months later. It was denied. But you could be assured that they're not going to remove you because you have a United States citizen child. And she at that time had a United States citizen husband. That does not bring her and put her on notice that there was a fraud in the procedures of this case by her attorney. It simply tells her you did not prove her case, your case. Well, but that isn't all that he didn't do. I mean, yes, he did. As she alleges, he never told her anything about losing. But the problem line is that she he refused to pursue any work authorization. And she's supposed to have been in there every two weeks seeking that and wanting him to do something about that. Isn't that true? I mean, that says she's in there all the time. She's talking about it. And he keeps telling her, no, no work authorization. Right. But it doesn't mean he's committing fraud. It just simply says he's not eligible to get a work permit. Well, what we have to determine is whether, I mean, she was put in removal proceedings in 1994. Isn't that right? That is correct. And put in the removal proceedings in 1994, she's denied relief at every stage of the proceedings for the next eight years. And that still doesn't mean that there's fraud. Now, just a minute. Isn't that true? That is true. And when our court finally says denied, and then he won't get her a work authorization, what we're supposed to say is the BIA's idea or their belief or their finding that, boy, about this, somebody ought to have some diligence that would get her to where she needed to go. That's what they're saying, isn't it? They're saying that she should have been suspicious. But the question is whether she should have been suspicious of effectiveness or fraud. It's a different issue. On its face, unless you read the transcript, unless you see through every page, you would not know there was fraud involved in this. Well, you keep focusing on fraud. But if she was put on notice that counsel was somehow incompetent because she was supposedly pressing him every couple of weeks to pursue the work authorization, and he didn't do it, and five years have elapsed, you'd think that the average person would be alerted to the fact that Just because her case is denied doesn't mean her counsel is incompetent. It's not necessarily just because the case is denied. She understanding that there was a criminal issue involved, petty theft, you know, and that the case is difficult, and it took Judge three years. They adjourned in 97, took three years to make a decision. And Judge told her, I will make a decision, took three years. She understands that it's a very difficult case. It does not mean that her counsel is incompetent, at least in a reasonable person's mind. She sees how the court progresses. It's very slow, asks for many, many applications, and she's fighting this. Eventually, it's denied. It doesn't mean her, in an average person's mind, just because the case is denied, it doesn't mean you have to seek new counsel in perpetuity. But it's, again, again, Judge Gould, did you have a question? Yes. Yeah, I'd like to interject a question if I could. Before getting to the issue of whether she should have discovered a fraud, and maybe I misunderstood this procedurally, but you could tell me if I'm wrong. I thought we were dealing with an untimely motion to reopen. And the question is, if the motion was untimely, why doesn't that resolve the case? Because in order to determine whether it was untimely, whether she exercised due diligence, this circuit's case law says there is a three-step process. Very first step is, we need to determine whether a reasonable person in a petitioner's position would have suspected the specific fraud. And that's Avakian v. Holder, a 2011 decision published. So the question is whether any reasonable person in her position would have suspected fraud, not whether, you know, the case is denied or not. Well, but in order for us to get to equitable tolling, we have to have two things, don't we? One is, the person has to be diligent. That's correct. Well, frankly, the BIA said she wasn't diligent. That she, based on the fact that she had all this stuff in front of her, she'd been to her lawyer's office, she'd talked to him on a continual basis, she wasn't diligent. She should have at least been suspicious. That's what the BIA said. They're talking about diligence here. But they're wrong on the... I mean, all you're saying they're wrong is because they didn't suspect that it was fraud. They suspected that there was ineffective assistance of counsel. But it wouldn't make any difference if it's ineffective assistance of counsel or whether it's fraud or whatever it is. If she's not doing what she has to with diligence, she's not going to find it. She should be trusting her attorney, and that's a matter of public policy. If this was ineffective assistance of counsel and argued that now at this time I was ineffective just because we lost the case, just losing a case in court doesn't mean an attorney is ineffective. That isn't what we got here. That isn't all we got is losing a case. He assured her that there is no deportation. She could leave assuredly that there is no deportation for her. And that's where the fraud is. She did not tell her why exactly and what happened to this case. And that's where the fraud is. And she had no way of knowing that she was defrauded. Once she found out about the fraudulent activities by previous counsel, she immediately filed a motion to reopen. What about the second step of the Evagen case that you referenced, reasonable steps to investigate? Did she do anything during the five-year? First, she has to be unnoticed that there was a fraud. Then she needs to investigate. Let's get past the step one. We've talked enough about that. Right. So what did she do? If she's not unnoticed that there was a fraud, she does not make a second step. Assuming, assuming counsel that there was enough to put a reasonable person on notice that perhaps there's something deficient about this particular counsel, his non-responsiveness, for example, to her request for work authorization, does she do anything to investigate? She didn't do anything to investigate because she was assured she will not be deported. And indeed, for the next five years, and if we start from the very beginning of the case, since 1994, and the case was denied in 2001, and then in 2008, immigration authorities showed up at her doorstep. So pretty much for almost, you know, 15, 14 years, nobody ever bothered her. So she lived at the same place. She never thought that there would be a problem. And indeed, there was no problem. So the fact that nobody's seeking her, the fact that she's not getting any letters in the mail saying, please report for deportation, does not put her on notice that there is a problem. You should be suspicious of it. Thank you. Your time is up. I think we have the basis of your argument. Thank you. Mr. Robbins. May it please the Court, Jonathan Robbins here on behalf of the respondent, Good morning. As is evident, the sole issue in this case is whether or not the Board abused its discretion in determining the petitioner did not establish the requisite due diligence such that equitable tolling would be warranted in this case with respect to her untimely motion to reopen. And that's because the motion to reconsideration is really based on the same thing? Yes, they're both under, they're both. And there's no new evidence or no new error of law that would have been made in the motion for reconsideration? Correct. They didn't identify any error of law. In finding that the petitioner did not establish the requisite due diligence, the Board reasonably determined that somebody should have been suspicious of her attorney as it was in this case. The petitioner's argument is essentially, as Your Honor alluded to earlier, is that since 1994, she's lost every single case she's ever had, and that at the end of finally finding out that this court had denied her last case, that she just thought that everything was okay. And that's just really not a reasonable thing to believe. At that point, she should have been suspicious. Again, there were also the problems with the work authorization where she was, quote, in her words, begging her attorney to pursue work authorization and wasn't getting it. So she was certainly aware that her status wasn't what she wanted it to be in the United States. Well, deal directly with counsel's argument. What he's saying is, this is not fair, or this is not fair to my client, because the BIA never did say that it was... She was suspicious that her counsel had committed fraud. All the BIA ever said was she should have been suspicious of ineffective assistance of counsel, and that's not enough. Right. And this court has talked about the common sense responsibility of somebody who's been in proceedings this long knowing to continue to pursue their case. When her attorney failed to pursue the things that she was asking him to pursue, like the work authorization, or when you failed to even inform her of the Ninth Circuit decision, and she admitted that, if I hadn't called you, I wouldn't have found out about that decision. Those are the things that the board highlights that she should have been alerted to the fact that she wasn't receiving proper... What about the fact that they never did say she should have been suspicious of fraud, given the cases? I'm sorry, are you referring to the board? Yes, the board. The board never did say that she should have been suspicious of fraud. Well, that was really something that came up in the briefs of the argument, but as far as the board is concerned, it's just a matter of diligence of pursuing one's case. Again, this is something where she's lost... Why is it just a matter of diligence? Why isn't it that they should have said something about fraud, given the case law? That's his argument. Given the case law, he didn't say anything about fraud, they didn't make her think about fraud, and she never would have thought about fraud. Well, I don't... I guess if you're referring to the standard for reopening... That's what I'm talking about. Yeah, well, yes, those are separate issues. Whether or not it's fraud is irrelevant, that would really go to whether she was prejudiced by such fraud. As far as diligence is concerned in uncovering fraud, that really relates to Petitioners just constantly pursuing their case like a reasonable person would. So I think that's probably separate from an analysis of whether or not there was actually fraudulent representation. Is that what you were... That's what I wanted you to respond to. Okay. Well, what counsel's saying is that she did pursue relief in the attorney, and he kept reassuring her that everything's fine, given her experience of how long things take and how long her case in particular took, she thought it was all normal. Well, she seemed to pursue her case up until the five year period before immigration came to her door, but during that five year period, there was nothing. She knew she'd lost every case she had, she knew that they weren't pursuing... That the attorney wasn't pursuing her work authorization as she wanted, and it looks like she's essentially just laying low, hoping that nothing will happen despite the fact that she suffered these losses from 1994 to 2002. And it's just not reasonable to expect that all those losses would just mean nothing in terms of her immigration status, particularly where she's had previously tried to pursue that relief and nothing had come of it. And it's not unreasonable... It's certainly not an abuse of discretion for the board to look at that and say, that's not really diligent. You're sitting around for five years doing nothing, that's the very definition of not being diligent, particularly in these circumstances where we have all these prior facts that should have alerted her to the fact that she should have continued to pursue her case. So, I mean, that's essentially the... I mean, there's only one issue, it's diligence. Unless there are any specific questions with respect to some of the specific facts, I don't know really what else more needs to be discussed. Judge Gould, do you have any questions? I have no questions, thank you. Do you have any more? Thank you. Thank you, Counselor. I think you've addressed all of the appropriate issues, so cases 0875230 and 0972072, Kara Kazarian is... A verse holder is submitted. Thank you for your argument, both of you. We'll now take
judges: Gould, Smith, Nguyen